IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILMER BUSTILLOS,<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | C.A. NO. 4:07-CV-1238<br>JURY TRIAL REQUESTED |
| MATRIX ENGINEERING AND<br>INSPECTION, INC.,<br>    Defendant. | §<br>§<br>§<br>§ | |

## COLLECTIVE ACTION COMPLAINT

### I.

### SUMMARY OF SUIT

1.      Plaintiff Wilmer Bustillos ("Bustillos") on behalf of himself, and others similarly situated, brings this Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (FLSA). Bustillos seeks to recover unpaid wages and overtime compensation resulting from violations of the minimum overtime and record keeping requirements of the FLSA by Defendant Matrix Engineering & Inspection, Inc. ("Matrix"). Specifically, Matrix has and continues to willfully violate the FLSA by paying straight time or nothing at all for overtime, instead of the statutorily required time and a half, for hours worked in excess of 40 hours per week. So that these widespread wage abuses may be remedied, Bustillos brings this Collective Action on behalf of himself and all other similarly situated hourly employees.

### II.

### JURISDICTION AND VENUE

2.      Bustillos's claim arises under §§ 206(a), 7(a)(1), 11(c), and 16(b) of the FLSA. 29 U.S.C. §§ 206(a), 207(a)(1), 211( c), and 216(b). Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1331.

3.      Bustillos brings this complaint in the district in which he resides.

4.      Further, a substantial part of the acts and conduct charged herein occurred in this district.  Accordingly, venue is proper in this district pursuant 28 U.S.C. § 1391(b).

### III.

### THE PARTIES

5.      Bustillos is a resident of Houston, Harris County, Texas.

6.      Defendant Matrix Engineering & Inspection, Inc. is a corporation organized and existing under the laws of the State of Texas and may be served with process by serving its registerd agent, Majed H. Bazzi, 3223 West Farmington, Sugar Land, Texas 77479.

### IV.

### BACKGROUND

A.      *The Plaintiff and the Punitive Opt-In Class*.

### BUSTILLOS' INDIVIDUAL ALLEGATIONS

7.      Matrix is an inspection company in the oil and gas industry with numerous clients in the United States and Canada.  Matrix specializes in conducting very specialized "non-destructive testing" on pressure vessels, reactors and piping at client job sites.  Non-destructive testing involves using specialized technology to test welds for cracks.  Matrix then analyzes those test results and prepares reports for its clients, which are mostly refineries and chemical plants.

8.      Matrix management met with Bustillos in early 2003 and tested him on the non-destructive techniques.

9.      At that time, Matrix made Bustillos an offer of employment as a non-destructive testing specialist.

2

10.     For almost three years, Bustillos was employed and in 2005 he received compensation in excess of $100,000.

11.     Bustillos resigned his employment on July 17, 2006, due to accepting a new position.

12.     There are no exemptions to the Fair Labor Standards Act which would permit the Defendant to treat Bustillos as a nonexempt employee.  Nevertheless, Matrix consistently treated him as a nonexempt employee under the Act with the exception of paying overtime on some occasions before the termination of his employment.

13.     As a nonexempt employee, Bustillos was entitled to be paid at one and one-half of his "regular rate" for all hours worked in excess of 40 hours in a given work week.  29 U.S.C. § 207(a).

14.     However, Defendant failed to pay Bustillos for all hours worked in excess of 40 hours a week at one and one-half times his regular rate.  Instead, Defendant merely paid Bustillos his "salary" regardless of the number of hours he worked for many work weeks and straight time for a number of other such work weeks before he was terminated.  Because Bustillos was entitled to be paid for all hours worked in excess of 40 hours at the overtime rate, the Defendant's practice of paying Plaintiff at straight time for overtime hours worked is a clear violation of the FLSA.

15.     On information and belief the Defendant failed to keep and maintain records as required by the FLSA.

B.     *Matrix's illegal actions were and are willful violations of the FLSA*.

16.     The illegal pattern or practices on the part of the Defendant, with respect to overtime compensation for Bustillos, were and are in violation of the FLSA.  No exemption excuses Defendant from paying Bustillos at his overtime rate for hours worked in excess of 40 hours in a given work week.  Nor has Defendant made a good faith effort to comply with the FLSA.  Rather,

Defendant willfully or with reckless disregard, carried out its illegal pattern or practices regarding overtime compensation and the payment of wages to Bustillos.

17.     Further, as set out below, other prior and current employees of the Defendant were and are subjected to the same willful practices and/or procedures.

C.     *Collective Action Allegations*.

18.     Other nonexempt employees of Defendant have been victimized by the patterns, practices, and/or policies of Matrix which are in willful violation of the FLSA.  These hourly employees are similarly situated to Bustillos because they performed similar duties, were paid in a similar fashion, and were denied overtime compensation during the relevant time period.

19.     Accordingly, the Defendant's pattern or practices of failure to pay overtime at overtime rates; failing to pay for all time worked; and failing to keep accurate records, as required by the FLSA, is a result of generally applicable policies or practices.  The improper wage abuses suffered by Bustillos are similar to those suffered by other nonexempt employees of the Defendant and does not depend on the personal circumstances of the Members of the Class.  Thus, Bustillos's experiences are typical of the experiences of the Members of the Class.

20.     All such employees, regardless of their rate of pay, who were not paid or were paid at straight time for overtime hours are similarly situated.  Although, the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as: all current and former employees regardless of their rate of pay, who were paid no overtime wages or were paid "straight time" for overtime hours during the period of time beginning three years from the date of filing of the original complaint.

21.     The Members of the Class should receive notice of the pendency of this action and be given an opportunity to participate if they so desire.[1]

## V.

## CAUSES OF ACTION

22.     Bustillos incorporates herein by reference all allegations contained in paragraphs 1 through 21.

23.     The Defendant Matrix's practice of failing to pay overtime compensation at one and one half times the employee's regular rate for hours worked in excess of 40 hours to nonexempt employees was and is in violation of the FLSA, 29 U.S.C. § 207.  Accordingly, Bustillos and all those similarly situated are entitled to their overtime pay in an amount which is one and one-half times their regular rate of pay.

24.     Further, the Defendant's unlawful pattern or practice of failing to pay for all time worked was and is in violation of the FLSA.  Accordingly, Bustillos and all those similarly situated are entitled to pay at their regular or overtime rates (as appropriate) for all hours worked but not paid.

25.     Additionally, Bustillos and all those similarly situated are entitled to an amount equal to all their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

---

[1] Courts in the Southern District of Texas have authorized notice in similar collective actions involving the undersigned. See, e.g. *Alba v. Madden Bolt Corporation*, H-02-1503 (S.D. Texas  May 31, 2002 (J.  Hoyt) (Certifying an opt-in-class of consisting of all hourly workers subjected to straight time for the overtime scheme).

## VI.

## JURY DEMAND

26.     Bustillos, on behalf of himself and others similarly situated, demand a trial by jury.

## VII.

## PRAYER

WHEREFORE, Plaintiff Bustillos and all similarly situated employees and former employees who join this action respectfully request this Court to:

a.      Authorize the issuance of notice at the earliest possible time to all of Matrix's hourly employees who were employed as non-destructive testing specialists during the three years immediately preceding the filing of this lawsuit who were so employed in the three years immediately preceding the filing of this lawsuit informing them of their rights to participate in this lawsuit if they so desire;

b.      Declare that the Defendant has violated the minimum wage, overtime, and records keeping provision of the FLSA, as to Plaintiff and all those similarly situated;

c.      Declare the Defendant's violations of the FLSA to be willful;

d.      Award Plaintiff and all those similarly situated damages for the full amount of their unpaid wages and overtime compensation;

e.      Award Plaintiff and all those similarly situated an equal amount, as liquidated damages as allowed under the FLSA;

f.      Award Plaintiff and all those similarly situated reasonable attorneys' fees, costs and expenses of this action, as provided by the FLSA; and

g.      Award such other and further relief as may be justly entitled.

6

Respectfully Submitted,


By:_____/s/ Glenn W. Patterson, Jr._____
              Glenn W. Patterson, Jr.
              State Bar No.:15612500
              Federal No. 1369
              Attorney at Law
              11 Greenway, Suite 2820
              Houston, Texas 77046
              Telephone: (713) 961-1200
              Facsimile:  (713) 961-0941

**ATTORNEY FOR PLAINTIFF,
MIGUEL J.  BUSTILLOS**

## NOTICE OF CONSENT

I, the undersigned, an employee currently or formerly employed by Matrix Engineering and Inspection, Inc. hereby consent to be a party plaintiff in an action to collect unpaid wages. I have been provided with a copy of the Professional Services Agreement with Glenn W. Patterson, Jr. And agree to be bound by its terms.

_Wilmer J. Bustillos_
Full Legal Name (print)

_2939 Auburn Falls Ln_
Street Address

_Houston, TX       77084_
City                    State/Zip Code

_04/10/2007_
Date

8