UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILMER BUSTILLOS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:07-CV-01238 |
| MATRIX ENGINEERING & INSPECTION, INC., | § § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Defendant Matrix Inspection & Engineering has filed a Motion to Compel Arbitration (Docket No. 21) seeking to enforce an arbitration policy that was allegedly incorporated into Plaintiff Wilmer Bustillos' employment contract. The employment agreement, which was signed by Plaintiff, includes a paragraph entitled "Dispute Resolution Agreement" that requires Plaintiff to "resolve any and all disputes concerning this Agreement and any other disputes arising from or related to this Agreement and the relationships described herein pursuant to the terms of that Dispute Resolution Agreement contained on Exhibit 'C' attached hereto and made a part of hereof for all purposes." Def.'s Mot. Compel, Ex. B, at 9. Defendant has proffered a document entitled "Exhibit 'C' to Employment Agreement," and subtitled "Dispute Resolution Agreement," that it alleges is the "Exhibit 'C'" to which the employment agreement refers. Def.'s Mot. Compel, Ex. B, at 13. Plaintiff, in his Response (Docket No. 22) and in oral argument, argues that no "Exhibit 'C'" was attached to the employment agreement, and that he never reviewed the "Dispute Resolution Agreement" before signing the employment contract.

Arbitration agreements are enforceable like any other contract. Federal Arbitration Act, 9 U.S.C. § 2; *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270-71 (1995); *see also Capital Income Properties–LXXX v. Blackmon*, 843 S.W.2d 22, 23 (Tex.1992) ("The Federal [Arbitration] Act is part of the substantive law of Texas."). Under Fifth Circuit precedent, a motion to compel arbitration in Texas requires two findings from the Court: 1) that, applying Texas rules of contract interpretation, the parties agreed to arbitrate the dispute in question; and 2) that no legal constraints external to the arbitration agreement exist that foreclose the possibility of arbitration. *Tittle v. Enron Corp.*, 463 F.3d 410, 418-19 (5th Cir. 2006).

Plaintiff's argument in response to Defendant's Motion to Compel relates entirely to whether the parties agreed to arbitrate their disputes. He argues that, because he was unaware of the terms of the "Dispute Resolution Agreement" or any other arbitration agreement, and because those agreements were not attached to the employment agreement when it was signed, there was never any agreement to arbitrate in the first place. Texas contract law, however, is to the contrary. In Texas, an unsigned paper may be incorporated by reference in a signed agreement so long as the signed document plainly refers to the other writing. *Owen v. Hendricks*, 433 S.W.2d 164, 166 (Tex. 1968). "A person is obligated to protect himself by reading what he signs and, absent fraud, may not excuse himself from the consequences of failing to meet that obligation." *In re Media Arts Group, Inc.*, 116 S.W.3d 900, 908 (Tex. App.– Houston [14th Dist.] 1985) (citations omitted). Even when a person signs an agreement without knowledge of its contents, he is presumed to have consented to its terms. *Id.* "Consequently, a party to a contract may not successfully claim that he believed the provisions of the contract were different from those plainly set out in the contract or that he did not understand the meaning of the language used." *Id.*

These Texas contract principles controlled in *In re Media Arts Group*, a case that is nearly identical in all relevant respects to this one. 116 S.W.3d 900 (Tex. App.–Houston [14th Dist.] 1985). In that case as in this one, the plaintiffs attempted to avoid an unsigned arbitration agreement that had been incorporated into a signed contract by reference by arguing that 1) the arbitration agreement had not been attached to the contract at the time of signing, and 2) they were unaware of the terms of the arbitration agreement. The contract, however, explicitly stated both that the arbitration agreement was physically attached, and that the arbitration agreement was part of the contract. After rehearsing the contract principles cited above, the court found that the plaintiffs were "estopped to deny" that the arbitration agreement was actually attached to the contract at signing, and that the plaintiffs "cannot now claim they were unaware" that the arbitration agreement was part of the contract. *Id.* at 908. "Quite simply," the court wrote, "the law charges the [plaintiffs] with knowledge of [the arbitration agreement's] existence." *Id.* The court therefore concluded that the arbitration agreement was, indeed, part of the contract. *Id.*

Similarly, Plaintiff signed an employment contract that explicitly stated both that "Exhibit 'C'" was attached and that the exhibit is part of the contract. Like the plaintiff in *In re Media Arts Group*, he cannot now argue that the exhibit was not attached to the contract or that he was unaware of the exhibit's terms. Texas law charges him with knowledge of the exhibit's existence, and Exhibit 'C' is part of Plaintiff's employment contract. Furthermore, Plaintiff has not alleged fraud with respect to, or otherwise challenged the authenticity of, the document entitled "Exhibit 'C' to Employment Agreement," except to deny that the document was attached to the contract at signing. Accordingly, the Court finds that under Texas rules of contract interpretation, the parties agreed to arbitrate the dispute in question, and that no legal constraints

external to the arbitration agreement exist that foreclose the possibility of arbitration. *Tittle v. Enron Corp.*, 463 F.3d 410, 418-19 (5th Cir. 2006).

Finally, the Court notes Plaintiff's argument that Defendant has waived its right to arbitration by failing to assert its right to arbitration in its Original Petition in a related state court case and in its Answer in this case, and by conducting discovery in the state court action. Pl.'s Resp. at 5-6. "[W]aiver of arbitration is not a favored finding and there is a presumption against it." *Cargill Ferrous Int'l v. SEA PHOENIX MV*, 325 F.3d 695, 700 (5th Cir. 2003); *see also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983) ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."); *accord EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex. 1996) ("The FAA disfavors waiver, and there is a strong presumption against waiver."). Moreover, "[a] waiver of an arbitration right will not be lightly inferred without some showing of prejudice," *Valero Refining, Inc. v. M/T Lauberhorn*, 813 F.2d 60, 66 (5th Cir. 1987), and "[t]he burden on one seeking to prove a waiver of arbitration is a heavy one," *Tenneco Resins, Inc. v. Davy Int'l.*, 770 F2d. 416, 420 (5th Cir. 1985). Plaintiff adverts to his litigation costs and attorney fees to show prejudice. Pl.'s Resp. at 6. Yet Plaintiff has not shown that these costs and fees relate to Defendant's delay in invoking its right to arbitration, that beginning arbitration now will be more costly than continuing in court, or that any other prejudice will result from having to arbitrate this dispute. Plaintiff has therefore not met his burden, and the Court declines to find waiver.

For these reasons, Defendant's Motion to Compel (Docket No. 21) is **GRANTED**. When all of the issues before the Court are arbitrable, as here, the Court has discretion to dismiss

the action. *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir. 1999). The case is therefore **DISMISSED**.

**IT IS SO ORDERED.**

**SIGNED** this 4th day of December, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT